IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE DERRIGO, an individual,<br>        Plaintiff,<br><br>      v.<br><br>WAL-MART STORES, INC., and DOES 1-100,<br><br>        Defendants. | 2:08-cv-01507-GEB<br><br>ORDER[1] |

        Plaintiff moves to remand this case to state court, arguing the petition for removal was untimely, and the diversity jurisdictional amount was not satisfied.  Defendant opposes the motion.

        Plaintiff argues the petition was untimely because it was filed over 30 days after Plaintiff filed its First Amended Complaint ("FAC").  Defendant rejoins that the FAC did not trigger removal because the amount in controversy could not be ascertained from the face of the FAC.  Defendant contends that Plaintiff's Response to Defendant's Request for Statement of Damages (the "Statement of Damages") provided Defendant with new information that the amount in controversy exceeded $75,000, thus justifying removal.

---

[1]   This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

1    Whether a document commences the thirty day removal period
2 prescribed in 28 U.S.C. § 1446(b) is determined by the "four corners
3 of the applicable [document], not through subjective knowledge or a
4 duty to make further inquiry . . . [T]he ground for removal must be
5 revealed affirmatively in [a document] in order for the . . .
6 thirty-day clock under § 1446(b) to begin." <u>Harris v. Bankers Life &</u>
7 <u>Cas. Co.</u>, 425 F.3d 689, 694-95 (9th Cir. 2005).  The FAC did not
8 specify the amount of damages sought.  Therefore, Plaintiff has not
9 shown that the FAC triggered removal.

10   Plaintiff also argues removal could not be based on the
11 Statement of Damages since that document "adds little information,
12 none of which makes it facially more apparent than the FAC that this
13 matter is removable."  (Mot. at 5:19-21.)  Defendant disagrees,
14 pointing to new information in the Statement of Damages concerning
15 Plaintiff's hourly wage, which Defendant argues enabled it to
16 determine that Plaintiff seeks $20,000 in lost wages, and Plaintiff's
17 attorney's hourly rate, which Defendant argues enabled it to calculate
18 that Plaintiff seeks "between $8,250.00 and $13,750.00" in attorney's
19 fees.  Further, Defendant argues that Plaintiff's lost medical, dental
20 and vision benefits "can total thousands of dollars;" that Plaintiff's
21 "cause of action for failure to pay wages could result in several
22 thousands of dollars in . . . penalties;" and, that Plaintiff could
23 receive large amounts of emotional distress and punitive damages.
24 Defendant supports its position on the amount of emotional distress
25 and punitive damages by relying on its counsel's "own experience,"
26 which is not explained, and "recent jury verdicts," which are not
27 provided or explained.
28

Where a plaintiff fails to specify a particular amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75,000]." <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir.1996). When deciding whether this burden has been satisfied, courts consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal. Conclusory allegations as to the amount in controversy are insufficient." <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090-1091 (9th Cir.2003)(internal cites omitted and citation omitted).

Here no summary-judgment-type evidence is presented, and Defendant has not shown that its conclusory allegations concerning the amount of damages in controversy satisfies its burden under the preponderance of evidence standard. Further Defendant's argument that Plaintiff's refusal to stipulate to a $75,000 cap on damages in controversy indicates that the amount in controversy exceeds that amount is not "persuasive in evaluating the worth of the claims in a complaint." <u>Conrad Assocs. v. Hartford Acc. & Indem. Co.</u>, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (citations omitted).

Therefore, Plaintiff's motion to remand is granted, and this case is remanded to the California Superior Court in Sacramento California.

Dated: September 23, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

3